## AMERICAN GRAPHOPHONE CO. v. EDISON PHONOGRAPH WORKS.

(Circuit Court, D. New Jersey. June 24, 1895.)

EQUITY PRACTICE—PLEA.

A defendant in a suit in equity interposed a plea setting out certain agreements by which defendant alleged that it was licensed in perpetuity to make a patented machine. The complainant filed a replication to the plea. Upon examination of the agreements the court found them insufficient to sustain the claim set up in the plea. *Held,* following Pearce v. Rice, 12 Sup. Ct. 130, 142 U. S. 28, that the plea should be overruled.

This was a suit by the American Graphophone Company against the Edison Phonograph Works. On replication to plea to the bill.

Pollok & Mauero, for complainant.
Dyer & Driscoll, for defendant.

ACHESON, Circuit Judge. In Pearce v. Rice, 142 U. S. 28, 12 Sup. Ct. 130, the supreme court distinctly held that, under the practice in chancery as modified by equity rule 33, when, by filing a repli-

cation, issue is taken upon a plea, the facts, if proven, will avail the defendant only so far as in law and equity they ought to avail him. The force of that ruling was not at all weakened by the decision in Horn v. Dry-Dock Co., 150 U. S. 610, 14 Sup. Ct. 214, that, when the established plea meets and satisfies all the claims of the bill, it ought, in law and equity, to avail the defendant so far as to require a final decree in his favor, and that matters wholly foreign to the issue made by the pleadings are not to be considered. In the still more recent case of Green v. Bogue, 15 Sup. Ct. 975, the doctrine laid down in Pearce v. Rice, supra, was reiterated and acted upon by the supreme court. Such being the authoritatively settled rule of practice, it follows that notwithstanding the execution of the written agreements set out in the plea is proved, and even if it be conceded that it is also shown that all those agreements were executed with the knowlèdge and consent of the complainant, and for the purpose stated in the plea, it is yet incumbent upon the court to look into the agreements to see whether, as asserted by the plea, the defendant was thereby "licensed in perpetuity to make and sell, under the graphophone patents, including the patents referred to in said bill of complaint, a machine called the 'phonograph,' and supplies therefor." Accordingly, such an examination of the agreements has been carefully made by the court, and with a result unfavorable to the defendant. I am unable to discover that the agreements of August 1 and October 10, 1888, purport to invest the defendant with a perpetual license to manufacture and sell under the complainant's patents. Nor do I perceive that Lippincott had authority so to deal with the complainant's patents. His rights with respect to the graphophone patents are to be found in the two agreements between him and the complainant,—one original, and the other supplemental,—dated, respectively, March 26 and August 6, 1888. The rights thereby conferred upon Lippincott were personal to himself, and were subject to certain terms and conditions. I am of the opinion that the agreements relied on, even when considered together, did not confer upon the defendant the license set up in the plea. Beyond this it is not necessary now to go.

And now, June 24, 1895, the plea is overruled, without prejudice to the defendant's right to answer the bill; and leave is granted to the defendant to file an answer within 30 days from this date.